UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CALICO COTTAGE, INC.,

Plaintiff,

-against-

J.M. SMUCKER CO.,

Defendant.
--------------------------------------------------------X

**Civil Action No.:** 25-2791

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff Calico Cottage Inc. ("Calico"), by and through its counsel, alleges the following as its Complaint against defendant J.M. Smucker Co. ("Smucker's"):

**NATURE OF THE ACTION**

1. This civil action arises out of Smucker's May 2022 recall of Jif peanut butter products due to salmonella contamination (the "Smucker's Recall"). Calico had purchased and relied on Smucker's peanut butter for many years and it had used some of the recalled peanut butter in its own fudge products. Calico was therefore forced to recall its own products as a result of the Smucker's Recall, and incurred significant damages as a result. Despite Calico's request to be made whole for these losses, Smucker's has refused to do so, thereby necessitating this lawsuit.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff Calico is a domestic business corporation organized under the laws of the State of New York with its principal place of business at 210 New Highway, Amityville, New York 11701.

3. Defendant Smucker's is a foreign corporation organized under the laws of the State of Ohio with its principal place of business at One Strawberry Lane, Orrville, Ohio 44667.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Calico on the one hand and Smucker's on the other, are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Smucker's because, inter alia, it sent to New York contaminated peanut butter that was subject to the Smucker's Recall, where it was purchased by Calico and then incorporated into Calico's products.

6. Venue in proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the action occurred in the Eastern District of New York.

## MATERIAL FACTS

7. Calico is a family owned and operated company that manufactures fudge products and is the world's largest supplier of fudge making equipment, fudge ingredients, and merchandising expertise.

8. Smucker's manufactures, labels, and sells Jif peanut butter products.

9. Prior to the Smucker's Recall, Calico had purchased Smucker's peanut butter for many years and used it as an ingredient in the creation of several of its fudge products, including peanut butter fudge and peanut butter chocolate fudge.

10. On May 20, 2022, Calico received notice that Smucker's had initiated a recall of certain Jif peanut butter products due to potential salmonella contamination. The lot numbers subject to the Smucker's Recall (lot codes 1274425 – 2140425) indicated that some of the Jif peanut butter purchased by or for Calico was subject to the Smucker's Recall. As a result of Calico's internal investigation, Calico determined that the potentially contaminated peanut butter had been used as an ingredient in a variety of its fudge products.

11. Accordingly, Calico understood that its own products had been potentially contaminated. Calico therefore quarantined its finished products that had incorporated the Jif peanut butter subject to the recall.

12. On May 22, 2022, the U.S. Food and Drug Administration ("FDA") announced that it, along with the Center for Disease Control ("CDC"), and others are investigating a "multistate outbreak of illness linked to certain Jif peanut butter products produced at the J.M. Smucker Company Facility in Lexington, Kentucky."

13. On May 24, 2022, Calico formally announced a voluntary recall of its fudge products that had been created with the recalled Jif peanut butter. The FDA later determined this was a Class I recall.

14. Calico's recall of its products was made necessary by the Smucker's Recall. The recall initiated by Calico was a direct result of having received contaminated peanut butter from Smucker's that was used as an ingredient in the creation of Calico's fudge products.

15. Calico understands that the U.S. Food and Drug Administration ("FDA") investigated the Smucker's Recall and found "serious violations of the Current Good Manufacturing Practice, Hazard Analysis, and Risk-Based Preventive Controls for Human Food regulation (CGMP & PC rule), Title 21, Code of Federal Regulations, Part 117 (21 CFR Part 117)", that lead the FDA to determine that the peanut butter manufactured in Smucker's manufacturing facility in Lexington, Kentucky was "adulterated within the meaning of section 402(a)(4) of the Act [21 U.S.C. § 342(a)(4)], in that it was prepared, packed or held under insanitary conditions whereby it may have been contaminated with filth or rendered injurious to health."

## AS AND FOR A FIRST CAUSE OF ACTION (NEGLIGENCE)

16. Calico repeats and re-alleges each and every allegation contained within Paragraphs 1 through 15 as if fully set forth herein.

17. At all times, Smucker's, its agents, and employees, had a duty to comply with all relevant food safety laws and regulations and to exercise reasonable care in manufacturing, introducing, supplying, selling and/or distributing Jif peanut butter, such that the products would not be adulterated or pose unnecessary risk of harm to any consumers or other purchasers reasonably expected to use the products.

18. Smucker's, its agents, and employees, breached that duty by introducing, supplying, selling, and/or distributing adulterated Jif peanut butter that was incorporated into Calico's products.

19. Calico sustained damages due to Smucker's violations of law and breaches of duty.

20. The damages sustained by Calico include loss of gross profit, customer deductions, inventory, storage fees, and other expenses related to the contaminated peanut butter manufactured and distributed by Smucker's.

21. As a direct and proximate result of Smucker's conduct, Calico suffered damages in an amount to be proven at trial but not less than $746,582.00.

## AS AND FOR A SECOND CAUSE OF ACTION (STRICT LIABILITY)

22. Calico repeats and re-alleges each and every allegation containing within Paragraphs 1 through 21 as if fully set forth herein.

23. At all times, Smucker's caused to be introduced, manufactured, supplied, sold, and/or distributed for sale the Jif peanut butter that Calico used in the production of their fudge products.

24. Calico used the Jif peanut butter manufactured, supplied, sold, and/or distributed by Smucker's for the purpose and manner it was normally intended, and could not by the exercise of reasonable care have discovered or avoided the contamination.

25. The Jif peanut butter manufactured, supplied, sold, and/or distributed by Smucker's was unreasonably dangerous in that it was contaminated with salmonella.

26. By incorporating the contaminated peanut butter from Smucker's as an ingredient in its own products, Calico unknowingly rendered those products adulterated and subject to recall.

27. Smucker's is strictly liable for manufacturing, introducing, supplying, selling and/or distributing Jif peanut butter that was contaminated with salmonella.

28. As a direct and proximate result of Smucker's conduct, Calico suffered damages in an amount to be proven at trial but not less than $746,582.00.

**WHEREFORE**, Plaintiff Calico respectfully requests this Honorable Court enter judgment against Defendant Smucker on all counts, and award damages to Plaintiff in an amount to be proven at trial but no less than $746,582.00, along with attorney's fees and costs, and grant such other and further relief as this Court deems just and proper.

**KENNEDYS CMK LLP**

By: *<u>/s/ William Brennan__</u>*
William J. Brennan
22 Vanderbilt, 24th Floor
New York, New York 10017
Tel. (646) 625-4000

Dated: May 19, 2025